1  REBECCA L. MASTRANGELO, ESQ.
   Nevada Bar No. 5417
2  ROGERS, MASTRANGELO, CARVALHO & MITCHELL
   700 S. Third Street
3  Las Vegas, Nevada 89101
   Phone (702) 383-3400
4  Fax (702) 384-1460
   rmastrangelo@rmcmlaw.com
5  Attorneys for Defendant
   TK ELEVATOR CORPORATION f/k/a
6  THYSSENKRUPP ELEVATOR CORPORATION

7

8                  UNITED STATES DISTRICT COURT

9                       DISTRICT OF NEVADA

10

11  NATHAN WHITE,                            )
                                             )   CASE NO. 2:21-cv-01696-JAD-VCF
12              Plaintiff,                   )
                                             )
13  vs.                                      )
                                             )
14  TK ELEVATOR CORPORATION f/k/a            )
    THYSSENKRUPP ELEVATOR                    )
15  CORPORATION; DOES I through X,           )
    inclusive; and ROE BUSINESS ENTITIES I   )
16  through X, inclusive,                    )
                                             )
17              Defendants.                  )
    _____)
18
           **STIPULATION AND ORDER FOR CONFIDENTIALITY AND PROTECTION**
19
           The parties to the above-captioned litigation, by their respective counsel, have agreed to
20
    this Protective Agreement ("Agreement") in order to establish procedures for disclosure and use
21
    of confidential information that may be produced in discovery in this case.
22
           1.      This Agreement shall be applicable to and govern the contents of all depositions,
23
    documents, information or things produced in response to requests for production of documents,
24
    answers to interrogatories, responses to requests for admissions, transcripts, exhibits, pleadings
25
    and all other discovery taken in accordance with the Federal Rules of Civil Procedure, as well as
26
    testimony adduced at trial, matters in evidence and other information (collectively, "Documents")
27
    which the disclosing party designates as "CONFIDENTIAL MATERIAL" hereafter furnished,
28

directly or indirectly, by or on behalf of any party or any non-party witness in connection with this action. As used herein, "disclosing party" shall refer to the parties to this action or to third parties who give testimony or produce documents or other information. As used herein, "designating party" shall refer to one of the parties herein who designates any material as CONFIDENTIAL MATERIAL.

2. The following information shall be considered CONFIDENTIAL MATERIAL even absent specific designation by a party or marking pursuant to paragraph 8 herein: TK Elevator Corporation's BEEP Manual.

3. In designating information as CONFIDENTIAL MATERIAL, a disclosing party shall make such a designation only as to materials that it in good faith believes are confidential. CONFIDENTIAL MATERIAL shall be used by the parties to this litigation solely for the purpose of conducting this litigation, but not for any other purposes whatsoever.

4. In absence of written permission from the disclosing party, or an order of the Court, information designated as CONFIDENTIAL MATERIAL shall be used solely for the purposes of litigation between the parties hereto, and may be disclosed by the parties only to the following persons:

   a. the attorneys working on this action on behalf of any party, including stenographic and clerical employees and contractors working under the direct supervision of such counsel;

   b. employees of a party who are required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

   c. the named plaintiff;

   d. the Court, jury and court personnel, including court reporters and stenographers employees in connection with this suit;

   e. experts or consultants retained or employed in good faith to assist any party in the evaluation, prosecution or defense of this suit;

   f. any witness or deponent who is asked at his or her deposition or at trial to testify

1  about documents designated as CONFIDENTIAL MATERIAL or the contents thereof;

2          g.      persons who are (i) noticed for depositions or designated, or who counsel in good
3  faith intends to designate, as trial witnesses (and their counsel, if any), or (ii) members of the class
4  after it is certified, if class counsel in good faith determines that such disclosure is necessary in
5  connection with the prosecution of this lawsuit; provided that each such person in partes (i) and
6  (ii) only may be shown CONFIDENTIAL MATERIAL and may not retain any CONFIDENTIAL
7  MATERIAL or copies thereof;

8          h.      stenographic reporters engaged for depositions or other proceedings necessary for
9  the conduct of this case;

10         i.      outside photocopying services engaged by a party or its counsel to assist in this
11 litigation;

12         j.      outside data processing companies or individuals engaged by a party or its counsel
13 to assist in this litigation;

14         k.      any person who authored or properly received in the ordinary course of business
15 the particular information sought to be disclosed.

16         5.      The persons described in paragraphs 4 (e), (g), (j) or (k) shall have access to
17 CONFIDENTIAL MATERIAL only after they have been made aware of the provisions of this
18 Agreement and have manifested their assent to be bound thereby by signing a copy of the annexed
19 "Acknowledgment."  Copies of such Acknowledgments shall be maintained by counsel for the
20 parties, and shall be available for inspection by the Court at any time.  Persons receiving
21 CONFIDENTIAL MATERIAL are prohibited from disclosing that material to any other person.

22         6.      Each individual who receives any CONFIDENTIAL MATERIAL hereby agrees to
23 subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating
24 to the performance under, compliance with or violation of this Agreement.

25         7.      The recipient of any CONFIDENTIAL MATERIAL that is provided under this
26 Agreement shall maintain such information in a secure and safe area and shall exercise the same

27
28                                                      3

standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to his, her or its own proprietary information. CONFIDENTIAL MATERIAL shall not be copied, reproduced, summarized or abstracted, except to the extent that summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of this Agreement, and labeled in the same manner as the designated material on which they are based.

8. Subject to the provisions of paragraphs 2 above, disclosing parties shall designate CONFIDENTIAL MATERIAL as follows:

a. In the case of interrogatory answers, responses to requests to admit, documents provided in response to document requests, and the information contained therein, designation shall be made by placing the following legend on the first page of such document prior to production: "CONFIDENTIAL MATERIAL". In the event that a party inadvertently fails to provide such a stamp or other designation at the time of production, that party may at any time thereafter stamp or otherwise designate a Document or other information as treated as designated beginning at the time such designation occurs.

b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose CONFIDENTIAL MATERIAL the deponent has had access, which counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. During those fourteen days, the entire deposition transcript, including exhibits, shall be deemed CONFIDENTIAL MATERIAL.

c. Any CONFIDENTIAL MATERIAL produced in a non-paper media (e.g., videotape, audiotape, computer disk) may be designated as such by labeling the outside of such non-paper media as CONFIDENTIAL MATERIAL and filing this material in a sealed envelope

with a legend described in paragraph 8(a).  In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as designated and label it in a manner effective to ensure proper treatment.

9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation.  The parties shall first try to resolve such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) business days after the producing party is served with said written notice.  However, in the event of a dispute about the propriety of a designation that arises in connection with the denial of a motion to seal (see paragraph 11 below), the party challenging he designation may request a motion to resolve the matter.  The burden of proving that information has been properly designated as CONFIDENTIAL MATERIAL is on the party making such designation.

10. Documents containing CONFIDENTIAL MATERIAL of any party shall be filed with the Court only if necessary to do so for purposes of trial, substantive motions, including without limitation, motions for preliminary injunction or summary judgment, or other Court matters.

11. If any party intends to, or expects that it may, file CONFIDENTIAL MATERIAL with the Court for any reason, or use of CONFIDENTIAL MATERIAL in any hearing or other Court proceeding, that party must file the same under seal and provide to the Judge's chambers an unfiled version of the Document.

12. In the event that any CONFIDENTIAL MATERIAL is used in any court

proceeding in connection with this litigation, it shall not lose its CONFIDENTIAL MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13. If CONFIDENTIAL MATERIAL is disclosed to any person other than in the manner authorized by this Agreement, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

14. Nothing in this Agreement shall preclude any party to the lawsuit or their attorneys from (a) showing a Document designated as CONFIDENTIAL MATERIAL to an individual who either prepared the Document prior to the filing of this action, or is identified on the face of the Document as an addressee or copy addressee, or (b) disclosing or using, in any manner or for any purpose, any information or Documents from the party's own files that the party itself has designated as CONFIDENTIAL MATERIAL.

15. In the event any receiving party having possession, custody or control of any CONFIDENTIAL MATERIAL receives a subpoena or other process or order to produce such information in another, unrelated legal proceeding, from a non-party to this action, such receiving party shall notify counsel for the producing party or third party of the subpoena or other process or order, furnish counsel for the designating party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose interests may be affected.  The designating party asserting the CONFIDENTIAL MATERIAL treatment shall have the burden of defending against such subpoena, process or order.  The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL MATERIAL" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

16. Within sixty (60) days of the termination of litigation between the parties, all CONFIDENTIAL MATERIAL and all copies thereof shall be returned to the party that produced it. Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product.

17. Except as specifically provided herein, the terms, conditions, and limitations of this Agreement shall survive the termination of this action.

18. This Agreement shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.

DATED this 8th day of March, 2022.

| ROGERS, MASTRANGELO, CARVALHO & MITCHELL | SHOOK & STONE, CHTD. |
|---|---|
| /s/ Rebecca Mastrangelo | /s/ John Shook |
| Rebecca L. Mastrangelo, Esq.<br>Nevada Bar No. 5417<br>700 S. Third Street<br>Las Vegas, Nevada 89101<br>Attorney for Defendant<br>TK Elevator Corporation | John B. Shook, Esq.<br>Nevada Bar No. 5499<br>Robert L. English, Esq.<br>Nevada Bar No. 350493<br>710 S. Fourth Street<br>Las Vegas, Nevada 89101<br>Attorneys for Plaintiff |

**ORDER**

IT IS SO ORDERED this 10th day of March, 2022.

_____
U.S. MAGISTRATE JUDGE

7

SUBMITTED BY:

ROGERS, MASTRANGELO, CARVALHO
& MITCHELL

/s/ Rebecca Mastrangelo
_____
REBECCA L. MASTRANGELO, ESQ.
Nevada Bar No. 5417
700 S. Third Street
Las Vegas, Nevada 89101
Attorney for Defendant
TK Elevator Corporation