UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nathan White, | 2:21-cv-01696-ART-MDC |
| Plaintiff(s), | **Report and Recommendation** |
| vs. | |
| TK Elevator Corporation, | |
| Defendant(s). | |

Pending before the Court is the plaintiff's *Motion to Strike* (ECF No. 52) ("Motion") or other spoliation sanctions for the destruction of the elevator brake pads at it issue in this action. There is no question that the brake pads were not only relevant but material. Considering the briefs, argument of counsel, and for the reasons below, the defendant is guilty of spoliation. Therefore, the Court recommends GRANTING plaintiff's Motion and entering a jury instruction on adverse presumption as the appropriate remedy.

**DISCUSSION**

I.   FACTS

   A.  Background

Plaintiff Nathan White ("plaintiff") was a security officer employee of The Cosmopolitan of Las Vegas ("Cosmopolitan"), a hotel and casino on the Las Vegas Strip. On September 29, 2019, plaintiff responded to a smoke and fire alarm that was triggered by an elevator malfunction at the Chelsea Tower. Plaintiff went up to the roof of the Chelsea Tower, entered the elevator machine room where he saw a "very light haze in the air" and his lungs immediately started burning. Plaintiff stated that he could not breathe, was in agonizing pain, and started heaving over a railing on the catwalk. Plaintiff immediately reported to his coworkers that he had difficulty breathing and could not stop coughing. Another

Cosmopolitan security officer administered oxygen to plaintiff until an ambulance arrived and transported plaintiff to a hospital. Plaintiff suffered smoke inhalation as a result of the incident.

### B.  Spoliation of the Elevator Brake

On October 2, 2019, Brandon Fowles, an elevator mechanic, employee, and agent of defendant TK Elevator Corporation ("defendant") inspected the elevator at issue. Mr. Fowles found that the smoke and air particles in the air were a "finite dust" caused by the elevator's brake arm dragging. Mr. Fowles then removed the brake arm, including the pad, and bushing from the elevator at issue and completed certain repairs. Defendants admit that the brake arm and bushing were then discarded. ECF No. 54 at 7:24-26.

### C.  Materiality of The Spoiled Brakes

The parties do not dispute that the discarded brake arm and bushing are relevant and material. Defendant's expert opines that the cause of the accident was "a failure of a bushing on the brake arm, which caused the brake pad to rub on the brake drum as the elevator ran, causing a smoke condition in the machine room." ECF No. 52 at 9:21-24. Plaintiff asserts various claims including, *inter alia*, negligent maintenance and gross negligence.

## II.  LEGAL STANDARD

Courts have inherent authority to sanction parties for spoliation of evidence. *Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The duty to preserve relevant evidence is one of the most basic, well-established, and widely accepted litigation tenets. *See Aiello v. Kroger Co.,* No. 2:08-CV-01729-HDM-RJJ, 2010 WL 3522259, at *2 (D. Nev. Sept. 1, 2010). "Spoliation of evidence is the 'destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (citing *Hernandez v. Garcetti*, 68 Cal. App. 4th 675, 680 (Ct. App. 1998)). "To be actionable, the spoliation of evidence must damage the right of a party to bring an action." *Ingham v. United States,* 167 F.3d 1240, 1246 (9th Cir. 1999). To establish spoliation, the party seeking sanctions must establish that:

"(1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support the claim or defense." *Golia-Huffman v. Food,* 2023 U.S. Dist. LEXIS 179872, at *5 (D. Nev. Aug. 8, 2023). The threshold question is "whether or not evidence was actually altered or destroyed." *Id.* at *5-6.

### III.   ANALYSIS

####    A.   Relevant Evidence Was Lost and Destroyed

The first key element of spoliation is clearly established here. *See Golia-Huffman*, 2023 U.S. Dist. LEXIS 179872, at *5. There is no question the brake arm and bushing are relevant, and defendant admits they were discarded after the incident. ECF No. 54 at 7:24-26.

####    B.   Defendant Had Sufficient Notice Triggering Its Duty To Preserve The Brake Arm and Bushing

Again, the duty to preserve is one of the most basic rules in litigation. *Aiello,* 2010 WL 3522259, at *2. Defendant suggests that it somehow did not have a duty to preserve the brake arm and bushing until after receiving a preservation letter from plaintiff, which did not occur until after it disposed of brake arm and bushing. *See e.g.,* ECF No. 54 at 7:2-3; 9:8-9. Defendant's suggestion is without merit. Defendant had sufficient notice well before plaintiff's preservation letter.

It is well developed that the duty to preserve evidence is trigged when a party has "some notice that the evidence is potentially relevant to… reasonably foreseeable litigation." *Anderson v. Wal-Mart Stores, Inc.*, 2011 WL 4621286, at *3 (D. Nev. Oct. 3, 2011) (citing *United States v. $40,955.00 In U.S. Currency*, 554 F.3d 752, 758 (9th Cir.2009)); *Leon,* 464 F.3d at 958; and *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir.1992)); *see also Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). Once a party is on notice of a potential claim, it is under a duty to preserve evidence which it knows, or reasonably should know, is relevant to the claim or potential litigation. *Stedeford v.*

*Wal-Mart Stores, Inc.*, 2016 U.S. Dist. LEXIS 83019, at *15 (D. Nev. June 24, 2016) (citing *In re Napster, Inc.*, 462 F.Supp. 2d at 1067). The notice component is a low, objective standard "that asks not whether the party in fact reasonably foresaw litigation, but whether a reasonable party in the same factual circumstances would have reasonably foreseen litigation." *Soule v. P.F. Chang's China Bistro, Inc.*, 2020 WL 959245, at *3 (D. Nev. Feb. 26, 2020) (citation omitted).

Objectively, there is no doubt that defendant had notice that the brake arm and bushing might be potentially relevant to reasonably foreseeable litigation. An incident report was prepared about the incident which documents, *inter alia,* that defendant arrived to inspect the elevator at issue within approximately two hours after the September 29, 2019, incident. ECF No. 52-2 at 3. Defendant's employee and agent, Mr. Fowles, made repairs and removed the brake arm and bushing from the elevator at issue on October 2, 2019. ECF No. 52 at 5:27-28. At that time, Mr. Fowler was aware of [a] the incident involving that elevator; [b] that security guards (including plaintiff) were transported to the hospital because of smoke inhalation; and [c] that the smoke they inhaled came from finite dust produced by the elevator's brakes. ECF Nos. 52-9 and 55 at 5. Thus, defendant's duty to preserve was triggered by the time defendant removed the brake arm and bushing on October 2, 2019. *See e.g., Soule v. P.F. Chang's China Bistro, Inc.,* 2020 WL 959245, at *5 (D. Nev. Feb. 26, 2020) (finding sufficient, objective notice to preserve when defendant was called on the date of the incident, plaintiff was taken to hospital and incident report was prepared); *Hernandez v. Vanveen*, 2016 WL 1248702, at *2 (D. Nev. Mar. 28, 2016) (finding sufficient, objective notice on because Plaintiff was transported to the hospital and an accident report was generated).

**C.     Plaintiff Is Prejudiced**

Prejudice looks to whether the spoiling party's actions impaired the non-spoiling party's ability to go to trial or threatened to interfere with the rightful decision of the case. *See Leon*, 464 F.3d at 959; *see also Micron Technology, Inc. v. Rambus, Inc.*, 645 F.3d 1311, 1328 (Fed. Cir. 2011) ("The party asserting it has been prejudiced by the spoliation must show that the spoliation materially affects its

4

substantial rights and is prejudicial to the presentation of the case.") (internal citations omitted). "To satisfy this burden, the party asserting prejudice must only come forward with plausible, concrete suggestions" about what the spoliated evidence "might have been." *Brown v. Albertsons, LLC*, 2017 WL 1957571, at *9 (D. Nev. May 11, 2017) (citing *Micron Technology, Inc.*, 645 F.3d at 1328). Plaintiff has met his burden.

Plaintiff has demonstrated that the missing brake arm and bushing are critical to his claims and to respond to defendant's affirmative defenses. The prejudice to plaintiff is particularly manifested by the defendant's motion for summary judgment (ECF No. 62). In that motion, defendant argues that summary judgment is proper because plaintiff lacks admissible evidence to support its claims. *See e.g.,* ECF No. 62 at 4, 12. While defendant argues the "lack of admissible evidence" is because plaintiff's expert is not qualified, the context illustrates that the merits of the case now turn mostly on secondary and indirect evidence of experts offering opinions based on manuals and general specs, instead of direct evidence (*e.g.,* the actual brake arm and bushing at issue). Thus, plaintiff's "lack of evidence" is a prejudice caused by defendant's failure to preserve the brake arm and bushing.

Defendant also claims that the brake arm and bushing are not needed because the lost items are adequately described in a document entitled "Material Safety Data Sheet." ECF No. 55 at 9. However, the description of the brake arm and bushing provides only general specs and does not demonstrate the actual condition or the brake arm and bushing at the time of the incident. *Id.*

Defendant also argues that it concedes that brakes malfunctioned, offering worn brake bushing as the actual cause of the failure on the date of the incident. ECF No. 54 at 7. Defendant further points out that plaintiff's expert was able to opine that incident occurred because of lack of preventative maintenance and proper troubleshooting. *Id.* Plaintiff, however, disputes the defendant's position that the worn brake bushing actually caused the incident and points out the defendant previously theorized the incident was caused by the brake lift switch. ECF No. 55 at 9. Thus, plaintiff argues that the precise cause of the incident could only be established by examining the actual brake arm and bushing. *Id.*

Plaintiff also argues that the brake arm and bushing would have shown whether the brakes were actually maintained, the extent and occurrences of such maintenance, and the direct ability to contest the opinions of defendant's expert that the elevator at issue was well maintained and no defect existed at the time of the incident.  ECF No. 55 at 9.  In sum, plaintiff has advanced "plausible, concrete suggestions about what the spoliated evidence might have been" to establish prejudice.  *See Brown,* 2017 WL 1957571, at *9.

### D. Appropriate Sanction

Once it has been determined that spoliation has occurred, the district court may sanction the spoliating various ways. "[A] court can instruct the jury that it may draw an inference adverse to the party or witness responsible for destroying the evidence." *In re Napster, Inc. v. Hummer,* 462 F.Supp. 2d, 1060, 1067 (N.D. Cal. 2006) (citing *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir.1993). "[A] court can exclude witness testimony proffered by the party responsible for destroying the evidence and based on the destroyed evidence." *Id.* (internal citations omitted). "[A] court may dismiss the claim of the party responsible for destroying the evidence." *Id.* (internal citations omitted).  Finally, a court give "a rebuttable presumption against the responsible party that the evidence, if it had not been despoiled, would have been detrimental to the despoiler."  *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 369 (9th Cir. 1992).

"[A] party's motive or degree of fault in destroying evidence is relevant to what sanction, if any, is imposed." *In re Napster, Inc.*, 462 F.Supp.2d at 1066–67.  A party's destruction of evidence need not be in 'bad faith' to warrant… sanctions…District courts may impose sanctions against a party that merely had notice that the destroyed evidence was potentially relevant to litigation. *Id.* at 1066.  Courts have broad discretion in selecting the appropriate sanction but should "should choose the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the other party." *Alvarez v. Walmart, Inc.*, 2021 WL 7758614, at *4 (D. Nev. June 11, 2021) (citing *In re Napster,* 462 F.Supp.2d at 1066).

      Defendant claims that the spoliation of the brake arm and bushing was innocent because they were left in the office and were disposed as part of their business practice. ECF No. 52-5 at p. 4. But that is not "innocent." As discussed above, defendant has sufficient notice triggering its duty to preserve the brake arm and bushing. Defendant's duty to preserve evidence includes the obligation to halt any such disposal business practice. Once the duty to preserve arises, a party must suspend any routine destruction policy and put in place a "litigation hold" to ensure the preservation of relevant evidence. *See Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003).

      Plaintiff primarily seeks to strike defendant's answer as the preferred sanction. However, there is no evidence that defendant acted intentional or in bad faith in disposing the brake arm and bushing. Therefore, striking defendant's answer is not an appropriate remedy. *See Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1327 (Fed. Cir. 2011) ("A determination of bad faith in normally a prerequisite to the imposition of dispositive sanctions for spoliation under the district court's inherent power…."). The appropriate sanction here is the issuance of a rebuttable presumption that if the brake arm and bushing had not been disposed of they would have been detrimental to defendant. *See Unigard Sec. Ins. Co.*, 982 F.2d at 369. This sanction is appropriate because defendant's disposition of the brake arm and bushing was reckless. *See Alvarez v. Walmart, Inc.*, 2021 WL 7758614, at *4–5 (D. Nev. June 11, 2021) ("When a spoliating party has acted willfully or recklessly the next, less harsh adverse inference instruction imposes a mandatory presumption.").

      Defendant is no stranger to litigation. The Court takes judicial notice of public records of this Court and the Eighth Judicial District Court which show that defendant has been involved in numerous actions regarding its elevator operations. Defendant claims that disposal of the brake arm and bushing was "innocent" because it was done in the ordinary course of business. That is precisely why defendant's conduct rises to recklessness. Despite its litigation experience, defendant failed to put in place any precautions to discontinue any such disposal business practices and to preserve potentially relevant evidence upon sufficient notice of a claim or potential litigation. Defendant's failure to

discontinue its business practice of disposing parts is reckless. *See Zubulake,* 220 F.R.D. at 220 (spoliation resulting from failure to implement a litigation-hold policy, even if unintentional, is reckless); *Peschel v. City Of Missoula*, 664 F. Supp. 2d 1137, 1146 (D. Mont. 2009) (defendant's failure to put in place preservation protocols for potentially relevant evidence was reckless); *Doe v. Norwalk Cmty. Coll.*, 248 F.R.D. 372, 379 (D. Conn. 2007) (defendants' failure to place a litigation hold is at least grossly negligent, if not reckless). As discussed above, defendant had sufficient notice of a claim and potential litigation regarding the brake arm and bushing and its failure to put in place any preservation protocols resulted in the destruction of material evidence.

The sanction of a rebuttable presumption is appropriate given the materiality of the missing brake arm and bushing, that defendant had sufficient notice of potential litigation, and defendant's failure discontinue its destruction business practice after having been sufficiently noticed. A rebuttable presumption fairly and appropriately balances the parties' positions. Plaintiff retains the burden on the merits and the sanction prevents defendant from benefiting from its recklessness (fortuitously arguing that plaintiff lacks evidence) but allows defendant to produce other relevant evidence and to try to rebut the presumption.

ACCORDINGLY,

**IT IS RECOMMENDED that** plaintiff's *Motion to Strike* (ECF No. 52) ("Motion") be GRANTED IN PART and the Court issue a rebuttable presumption instruction to the jury that if the brake arm and bushing had not been disposed of, they would have been detrimental to defendant.

DATED: June 18, 2024.

IT IS SO RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge