UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nathan White,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>TK Elevator Corporation,<br><br>　　　　　　　　　　Defendant. | Case No. 2:21-cv-01696-ART-MDC<br><br>ORDER<br><br>[ECF Nos. 52, 70, 73] |

This order addresses Plaintiff's motion to strike based on spoliation of evidence (ECF No. 52) and Magistrate Judge Couvillier's report and recommendation ("R&R") that the motion be granted in part and that the Court issue a rebuttable presumption instruction to the jury. (ECF No. 70.) Having considered Defendant's objections to the R&R (ECF No. 73) and Plaintiff's response (ECF No. 74), the Court overrules Defendant's objections and adopts Magistrate Judge Couvillier's R&R in full.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This case is about an elevator malfunction that led to a security guard inhaling smoke produced by the elevator's damaged brake system.

Defendant does not object to the Magistrate Judge's factual findings in the R&R. (ECF No. 70.) The Court recites Sections (A) through (C) based on the Magistrate Judge's order:

**A. Background**

Plaintiff Nathan White ("Plaintiff") was a security officer employee of The Cosmopolitan of Las Vegas ("Cosmopolitan"), a hotel and casino on the Las Vegas Strip. On September 29, 2019, Plaintiff responded to a smoke and fire alarm that was triggered by an elevator malfunction at the Chelsea Tower.

Plaintiff went up to the roof of the Chelsea Tower, entered the elevator machine room where he saw a "very light haze in the air," and his lungs immediately started burning. Plaintiff stated that he could not breathe, was in

1  agonizing pain, and started heaving over a railing on the catwalk. Plaintiff
2  immediately reported to his coworkers that he had difficulty breathing and could
3  not stop coughing. Another Cosmopolitan security officer administered oxygen to
4  Plaintiff until an ambulance arrived and transported Plaintiff to a hospital.
5  Plaintiff suffered smoke inhalation as a result of the incident. Defendant TK
6  Elevator Corporation ("Defendant" or "TK") "acknowledges that it received notice
7  of the ambulance transport of Plaintiff on the date of the incident." (ECF No. 73.)

### B. Spoliation of the Elevator Brake Parts

On October 2, 2019, Brandon Fowles, an elevator mechanic, employee, and agent of TK inspected the elevator machine room. Mr. Fowles knew that there had been a serious incident in the equipment room and that the security guards who had first investigated the incident had been hospitalized. (ECF No. 55.) Mr. Fowles found that the smoke particles in the air were a "finite dust" caused by the elevator's brake arm dragging. Mr. Fowles then removed the brake arm, including the pad, and bushing from the elevator at issue and completed certain repairs. Defendant admits that the brake arm and bushing were then discarded. (ECF No. 54 at 7:24-26).

### C. Materiality of The Spoliated Brake Parts

The parties do not dispute that the discarded brake arm and bushing are relevant and material. Defendant's expert opines that the cause of the accident was "a failure of a bushing on the brake arm, which caused the brake pad to rub on the brake drum as the elevator ran, causing a smoke condition in the machine room." (ECF No. 52, at 9:21-24.) Plaintiff asserts various claims including, *inter alia,* negligent maintenance and gross negligence.

### D. Motion to Strike and the Magistrate Judge's Report

Plaintiff moved to strike Defendant's answer as a sanction for Defendant's spoliation of the brake arm and bushing, and in the alternative Plaintiff sought an adverse presumption or negative inference jury instruction. (*Id.*) Magistrate

Judge Couvillier recommended that "the Court issue a rebuttable presumption instruction to the jury that if the brake arm and bushing had not been disposed of, they would have been detrimental to [D]efendant." (ECF No. 70, at 8.)

## II. STANDARD OF REVIEW

This Court reviews objections to non-dispositive matters referred to a Magistrate Judge for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Objections to a Magistrate Judge's findings for non-dispositive case sanctions, including adverse jury instructions, are non-dispositive and reviewed for clear error. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 888 F.Supp.2d 976, 988–89 (N.D.Cal. 2012).

District courts possess inherent power to sanction a party that has despoiled evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Sanctions for spoliation may be appropriate when (1) the party with control of the evidence had an obligation to preserve it at the time they destroyed it; (2) the evidence was destroyed with a culpable state of mind; and (3) a reasonable trier of fact would find that the spoliated evidence was relevant to the non-spoliating party's claim or defense. *Apple*, 888 F. Supp. 2d at 989–90 (citing *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 107 (2d Cir. 2002)). Courts should choose the least onerous sanction that corresponds to the willfulness of the spoliation and the prejudice suffered by the victim. *See In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006).

## III. DISCUSSION

### A. The Magistrate Judge Did Not Clearly Err in Finding That TK Recklessly Destroyed Material Evidence.

Defendant challenges the R&R's finding that their spoliation was material, prejudicial, reckless, and willful. TK does not dispute that it had a duty to preserve the brake parts. (ECF No. 73.) Instead, it argues that the spoliated evidence was not seriously material or prejudicial, and that TK's conduct was

1  negligent, not reckless. Accordingly, TK seeks an adverse inference jury
2  instruction instead of a rebuttable presumption. Because the Magistrate Judge
3  did not clearly err, this Court adopts its recommendation for an adverse
4  presumption.

      **i.      The Magistrate Judge did not clearly err in presenting the facts.**

TK first objects to Plaintiff's allegation that TK disposed of evidence after receiving Plaintiff's preservation letter. (ECF No. 73.) The R&R acknowledges that TK destroyed the evidence before receiving Plaintiff's preservation letter. (ECF No. 70, at 3.) The Court does not read this claim as an objection.

TK's next objection is that "there was no evidence presented that [TK's spoliation] was intentional or in bad faith." (ECF No. 73.) The Court considers this argument below when discussing TK's argument that it had a negligent, not reckless, state of mind when spoliating the evidence.

TK's next objection is to the Magistrate Judge's statement that "an incident report was prepared," which TK says is inaccurate because the Cosmopolitan wrote the incident report, not TK, and TK received the Cosmopolitan's incident report after the brake parts were destroyed. (*Id.*) The R&R does not say that TK wrote the incident report. It uses the incident report as a source to explain what happened. (*See* ECF No. 70.) TK acknowledges that its employees had notice that the broken brake parts were relevant to the incident and to Plaintiff's hospitalization, and the company still disposed of them. (ECF No. 73.) The Court overrules this objection.

      **ii.     The Magistrate Judge did not clearly err in analyzing the spoliated evidence's materiality and prejudicial impact.**

TK makes a series of objections challenging the Magistrate Judge's findings that TK's spoliation was material and prejudicial to Plaintiff's claims.

First, TK argues that inspecting the removed components would not have revealed the extent of maintenance undertaken on the elevator and that "no

evidence has been presented . . . that the parts could have shown when maintenance had been performed." (*Id.*) The Magistrate Judge found that TK's expert and Plaintiff's expert disagree about the mechanism by which the incident took place and whether insufficient maintenance could have caused it. (ECF No. 70.) The Magistrate Judge explained that "the merits of the case now turn mostly on secondary and indirect evidence of experts offering opinions based on manuals and general [specifications], instead of direct evidence." (*Id.*) The Magistrate Judge did not clearly err in finding that the Plaintiff need not show exactly how the destroyed brake parts could have revealed a need for maintenance, as without the parts it is very difficult to know how obvious any defects were.

Next TK argues that its spoliation of evidence has not prejudiced Plaintiff. TK argues that Plaintiff's expert claims to be able to form opinions to a reasonable degree of certainty without the components, and Plaintiff refused TK's invitation to examine "an exemplar brake pad" or have an expert toxicologist analyze the components of an exemplar brake pad, all of which, TK says, point toward finding that spoliation was not relevant or prejudicial to Plaintiff. (*Id.*) The Plaintiff's expert opined that there is a paucity of information as to the exact cause of the brake failure at issue. (ECF No. 57-8.) This is enough to hold that the Magistrate Judge's finding of prejudice is not clear error. The Magistrate Judge did not clearly err by not considering TK's offer to Plaintiff to examine an exemplar brake pad or a toxicological analysis of an exemplar brake pad's material. The underlying event did not involve an exemplar brake pad; it involved the brake pad spoliated by Defendant. The Court overrules these objections.

TK also objects to the Magistrate Judge's "judicial notice of public records of this Court and the Eighth Judicial District Court which show that [D]efendant has been involved in numerous actions regarding its elevator operations." (ECF No. 70.) TK argues that no evidence was presented or exists suggesting that TK failed to preserve elevator component parts in other cases or that TK has a

business practice of disposing of parts after becoming aware of an injury claim.

The Court does not read the R&R as suggesting that TK regularly spoliates brakes parts, and instead reads it to say that as a frequent litigator, TK is aware of the duty to preserve evidence, *see In re Napster*, 462 F. Supp. 2d at 1067, and that it should have in place policies to prevent spoliation by its agents. Defendant acknowledges that "[a]pparently, one of the mechanics involved in the repair of the elevator had been made aware of the claimed injury but he, unfortunately, did not report that to the office when he dropped off the components after the repair." (ECF No. 73.) It is this sort of "unfortunate" occurrence that an effective policy would prevent. The Court overrules this objection.

### iii. The Magistrate Judge did not clearly err in finding that TK's spoliation justifies an adverse presumption jury instruction.

Finally, TK objects to the R&R's finding that TK's spoliation was reckless or willful. TK maintains that its spoliation was instead negligent, so Plaintiff is only entitled to an adverse inference jury instruction. The Court holds that the Magistrate Judge did not err in finding that because TK's spoliation of evidence was reckless, Plaintiff is entitled to an adverse presumption.

Courts apply three tiers of sanctions for spoliation with corresponding levels of culpability. In severe cases of bad faith spoliation, a court may strike a spoliating defendant's answer or enter default judgment on specific issues. *See In re Napster*, 462 F. Supp. 2d at 1060*; see also, Peschel v. City Of Missoula*, 664 F. Supp. 2d 1137, 1146 (D. Mont. 2009). In the middle tier of culpability, a court may impose a mandatory, rebuttable presumption "when a spoliating party has acted willfully or recklessly." *Apple*, 881 F. Supp. 2d 1132, 1150 (N.D. Cal. 2012). Spoliation is willful when "the party has 'some notice that [evidence was] potentially relevant to the litigation before [it was] destroyed.'" *Scalia v. Cnty. of Kern*, 658 F. Supp. 3d 809, 815 (E.D. Cal. 2023) (citing *Leon*, 464 F.3d at 959). When the spoliating party has acted only negligently, the least harsh instruction

6

permits, but does not require, the jury to believe "that the lost evidence is both relevant and favorable to the innocent party." *See Scalia*, 658 F. Supp. 3d at 815 (citing *Apple*, 881 F. Supp. 2d at 1150); *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 628 (C.D. Cal. 2013).

TK's spoliation falls into the middle tier of sanctions for spoliation because TK willfully destroyed material evidence. "A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the [evidence was] potentially relevant to the litigation before [it was] destroyed.'" *Scalia*, 658 F. Supp. 3d at 815 (citing *Leon*, 464 F.3d at 959). TK's objections acknowledge that TK "received notice of the ambulance transport of Plaintiff on the date of the incident [September 29] and that it could have taken steps to ensure that the removed parts were kept." (ECF No. 73.) Put another way, on September 29, TK had notice that Plaintiff and others had been seriously injured in a TK elevator machine room, and litigation was reasonably foreseeable. TK had notice that broken parts from the malfunctioning elevator system were potentially relevant to litigation. TK did not place a litigation hold or otherwise tell employees not to destroy parts related to the incident. On October 2, TK's employee Brandon Fowles inspected broken brake parts and removed them after learning of the hospitalizations. He took them to the TK office, where others "discarded them to be recycled in the ordinary course." (*Id.*) TK's agents knew the elevator parts were relevant to possible litigation before destroying them. This is willful or reckless spoliation.

TK also argues that without Plaintiff showing that TK violated a company retention policy, Plaintiff fails to prove a culpable state of mind. (*Id.*) As the Magistrate Judge noted, TK has litigation experience.[1] The absence of a litigation-

---

[1] *See e.g., Brown v. Landry's, Inc.*, No. A-16-739887-C, 2017 WL 11195260 (Nev.Dist.Ct. Apr. 24, 2017) ("Third-Party Defendant Thyssenkrupp Elevator Corporation"); *Young v. Circus Circus Casinos, Inc.*, 134 Nev. 1035 (Nev. App. 2018) ("suit asserting negligence claims against . . . ThyssenKrupp Elevator Corporation"); *Mcsweeny v. California Hotel,* No. A-09-597699-C, 2012 WL 1141474 (Nev.Dist.Ct. Feb. 16, 2012) ("Defendant ThyssenKrupp Elevator Corporation").

7

hold policy does not absolve but instead amplifies TK's culpability. *See Peschel*, 664 F. Supp.2d at 1146 (finding recklessness because "beyond mere negligence" to lack adequate safeguards to protect recordings). The Magistrate Judge's finding of willful spoliation or recklessness was not clear error.

Finally, TK references *Martinez v. Walmart Inc.*, No. 2:20-CV-1065-JCM-DJA, 2021 WL 4786385 (D. Nev. Aug. 30, 2021), *report and recommendation adopted*, No. 2:20-CV-1065-JCM-DJA, 2021 WL 4785493 (D. Nev. Oct. 13, 2021), and *Demena v. Smith's Food & Drug Center, Inc.*, 2:12-CV-00626-MMD, 2012 WL 3962381, at *2 (D. Nev. Sept. 10, 2012), as analogous cases to their situation. Both unpublished cases are distinguishable. In *Martinez*, the plaintiff conceded that the defendant's destruction of video evidence was merely negligent. *Martinez*, 2021 WL 4786385, *3. In *Demena*, the court stated that Plaintiff offered no evidence to support an inference of reckless or willful spoliation and Defendant's preservation of other evidence, including video before and after the incident, showed that its actions were neither negligent nor reckless. 2012 WL 3962381, at *2.

Because TK has not shown that the Magistrate Judge's finding of recklessness was clear error, the Magistrate Judge's finding for an adverse presumption jury instruction was within his discretion and supported by the record. The Court overrules the objection.

//
//
//
//
//
//
//
//

## IV. CONCLUSION

IT IS THEREFORE ORDERED that

Defendant's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 73) are OVERRULED.

The Magistrate Judge's Report and Recommendation (ECF No. 70) is adopted in whole.

And accordingly, Plaintiff's Motion to Strike (ECF No. 52) be GRANTED IN PART and the Court issue a rebuttable presumption instruction to the jury that if the brake arm and bushing had not been disposed of, they would have been detrimental to defendant.

DATED THIS 28th day of September 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

9